UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DAVID OPPENHEIMER & CO.,

                Plaintiff,                  VERIFIED COMPLAINT
                                                               12 Civ (    )

       - against -

" RIO VALIENTE" "APL BELGIUM," and
"APL DENMARK" etc. their engines, boilers,
tackle, furniture, apparel *in rem*; and
HAPAG-LLOYD AKTIENGESELLSCHAFT

                Defendants.
-----------------------------------------------------------------X

RECEIVED OCT 25 2012 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, by and through its attorneys, CHALOS & CO, P.C., as for its Complaint against the "RIO VALIENTE," "APL BELGIUM," and "APL DENMARK," their engines, boilers, tackle, furniture, apparel, etc., *in rem*; and HAPAG-LLOYD AKTIENGESELLSCHAFT (hereinafter "HAPAG-LLOYD"), (collectively referred to as "Defendants") *in personam*, alleges upon information and belief, as follows:

      **FIRST**: All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

      **SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and place of business at: 180 Nickerson Street, Seattle, WA, 98198, United States, and was the owner of a consignment of 2,288 cartons of fresh tangelos laden on board the "RIO VALIENTE," "APL BELGIUM," and the "APL DENMARK," as described in more detail below.

**THIRD**: At and during all the times hereinafter mentioned, Defendant HAPAG-LLOYD, was and is a corporation with a local office and place of business located in: 399 Hoes Lane, Piscataway, New Jersey 08854, United States. Upon information and belief, Defendants were and still are doing business in this jurisdiction directly and/or through an agent and were at all times acting as the owner, charterer, operator and/or manager of the above named vessels as common carriers of goods by water for hire.

**FOURTH**: Upon information and belief, this Court has personal jurisdiction over the Defendants, and venue is proper by reason of Defendants' regular and systematic contacts with the State of New York.

**FIFTH**: At and during all the times hereinafter mentioned, said vessels were and now are general ships employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**SIXTH**: On or about the date and at the port of shipment stated in Schedule "A," there were shipped by the shipper therein named and delivered to Defendants and the said vessel "RIO VALIENTE," as common carriers, the shipments described in Schedule "A," then being in good order and condition. Defendants and the said vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry said shipments to the port of destination stated in Schedule "A," and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule "A."

**SEVENTH**: Thereafter, contrary to the custom of the trade and without plaintiff's knowledge and consent, the cargo was discharged by the "RIO VALIENTE" at Manzanillo, Mexico. On August 29, 2011, the cargo was then loaded onto the "APL DENMARK," which vessel deviated and took the shipment south to the port of Lazaro Cardenas, Mexico arriving on August 31, 2011, where the shipment was discharged. The movement of the shipment South was contrary to custom without plaintiff's knowledge and consent and a geographical deviation. It was not until September 20, 2011 that the cargo was loaded onboard a third vessel, the "APL BELGIUM," and finally discharged at Los Angeles, California on September 24, 2011. The "APL BELGIUM" arrived at Los Angeles, California, where she and Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the extraordinary delay and deviation, all in violation of Defendants' obligations and duties as common carriers of merchandise by water for hire.

**EIGHTH**: Plaintiff was the shipper, consignee or owner of the shipments described in Schedule "A" and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in said shipments, as its respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**NINTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the aggregate sum of USD 32,262.64.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as described in Schedule "A" be attached in the aggregate sum of USD 32,262.64, with interest thereon and costs;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, her engines, etc., and that all persons having or claiming any interest, therein be cited to appear and answer under oath, all and singular the matter aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and

5. That this Court will grant Plaintiff such other and further relief as may be just and proper.

5

Dated:  Oyster Bay, New York
        October 24, 2012

Respectfully submitted,

CHALOS & CO, P.C.
*Attorneys for Plaintiff*
DAVID OPPENHEIMER & CO.

By: _____
LeRoy S. Corsa (LC-2966)
Katherine N. Christodoulatos (KC-1226)
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail: rcorsa@chaloslaw.com
        kchristodoulatos@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID OPPENHEIMER & CO.,                    :
                                            :
                           Plaintiff,       :    1:12-CV-
                                            :
-v-                                         :
                                            :
"RIO VALIENTE" "APL BELGIUM," and           :    **VERIFICATION OF**
"APL DENMARK" etc. their engines, boilers, tackle, :  **COMPLAINT**
Furniture, apparel *in rem;* and            :
HAPAG-LLOYD AKTIENGESELLSCHAFT              :
                                            :
                           Defendant        :
------------------------------------------------------------x

Pursuant to 28 U.S.C. §1746, KATHERINE N. CHRISTODOULATOS, Esq., declares under the penalty of perjury:

1.  I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, DAVID OPPENHEIMER & CO.

2.  I have read the foregoing Verified Complaint and know the contents thereof; and

3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.  The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
      October 24, 2012

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              DAVID OPPENHEIMER & CO.

By: _____
                              LeRoy S. Corsa (LC-2966)
                              Katherine N. Christodoulatos (KC-1226)
                              55 Hamilton Avenue
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: rcorsa@chaloslaw.com
                                              kchristodoulatos@chaloslaw.com

## SCHEDULE A

| | | |
|---|---|---|
| **Vessels** | : | **RIO VALIENTE / APL DENMARK/ APL BELGIUM** |
| **APL Bill of Lading Nos.** | : | HLCULI3110806892 |
| **Date of Shipment** | : | August 18, 2011 |
| **Place of Shipment** | : | Callao, Peru |
| **Port of Destination** | : | Los Angeles, United States |
| **Shipper** | : | Casa Chica SAC |
| **Consignee** | : | David Oppenheimer & Co. |
| **Description of Shipment** | : | 2,288 cartons of tangelos |
| **Nature of Damage** | : | Loss and damage, including but not limited to: (i) damages sustained to the tangelos as a result of deviation/delay (ii) loss of sales, and (iii) other incidental expenses |
| **Estimated Amount** | : | USD 32,262.64 |